**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| ARACELY CHINCHILLA-GONZALEZ, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20-cv-1142 |
| vs. | ) | |
| | ) | |
| PARS HEATING & AIR | ) | |
| CONDITIONTIONG, | ) | |
| | ) | (JURY TRIAL DEMANDED) |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

1.      Plaintiff, Aracely Chinchilla-Gonzalez, a former employee of Defendant PARS Heating & Air Conditioning, brings this action, pursuant to the Fair Labor Standards Act ("FLSA"), on behalf of herself and all others similarly situated, against the Defendant because of Defendant's systematic, unlawful deprivation of Plaintiff's rights to overtime compensation under the FLSA. Plaintiff brings this suit for a declaratory judgment, back pay and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b) to remedy the Defendant's willful and unlawful violations of federal law complained of herein.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**PARTIES**

4.      Plaintiff Chinchilla-Gonzalez has given her written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b). Her written consent is attached here as Exhibit A.

1

Plaintiff Chinchilla-Gonzalez brings this action on behalf of herself and other others similarly situated in accordance with 29 U.S.C. § 216(b) of the FLSA.

5.      Plaintiff Chinchilla-Gonzalez was at all material times from September 2017 to July 8, 2019, employed by PARS Heating & Air Conditioning as the Office Manager.

6.      Plaintiff, while employed by Defendant, was an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e)(1).

7.      Defendant PARS Heating & Air Conditioning, has a principal office and place of business located at 22800 Executive Drive, Suite 100, Sterling, Virginia 20166, and may be served with process by serving the Registered Agent, Kamran Ghaffari, at the address outlined in this paragraph.

8.      Defendant is, and at all times material to this case has been, an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume in excess of $500,000, and has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTS

9.      From September 2017, and continuing until her termination on July 8, 2019,[1] while working in the position of Office Manager on behalf of the Defendant, Plaintiff Chinchilla-Gonzalez's job duties included clerical and office support work, such as: answering and routing phone calls; scheduling technicians; typing; preparing payroll and financial records of the company; notarizing documents; picking up and delivering HVAC units; processing and reviewing written reports, purchase orders, and records for accuracy; processing payment from

---

[1] Plaintiff Chinchilla-Gonzalez's termination is the subject of a complaint with the Equal Employment Opportunity Commission.

sales generated by the Defendant; processing the purchase of goods for use in the office; and performing related clerical tasks to support the work of the Defendant.

10.     Defendant compensated Ms. Chinchilla-Gonzalez at rates of $16.00 per hour and $17.00 per hour, which amounted to base compensation of either $640.00 or $680.00 per week. For a short time during which Ms. Chinchilla-Gonzalez was securing financing to buy real estate (between the months of March and April 2018), the Defendant gave her a temporary raise of $20.00 per hour.

11.     While working as Office Manager, Ms. Chinchilla-Gonzalez routinely worked over 40 hours a week and did not receive overtime compensation at the rate of one and one-half times her regular rate of pay for all hours worked over 40 in a week.  As the Office Manager, Plaintiff was scheduled to and did work 40 hours a week, Monday through Friday, as her regular working schedule. In addition, and as described in further detail below, she frequently worked unpaid overtime both before and after her shifts, as well as at home.

12.     Plaintiff Chinchilla-Gonzalez routinely performed the job duties described in Paragraph 9 outside of her regular schedule, including before and after her normal work schedule, because PARS had a large volume of work that needed to be completed in a timely manner pursuant to the Defendant's work expectations.

13.     Plaintiff Chinchilla-Gonzalez's supervisors knew she performed work prior to and after her shift without pay because they would see her performing such work at her desk before and/or after her scheduled shift. Moreover, Defendant provided her with a phone so that it could easily contact her to assign her tasks and reach her outside of her scheduled working hours.

14.     Defendant captured the regularly scheduled work hours of Plaintiff Chinchilla-Gonzalez's through manually-entered records on a work computer located in the main office,

3

and through handwritten records manually filled out by employees. These records are maintained by the Defendant and track the work time of employees by hours and minutes.

15.    Plaintiff Chinchilla-Gonzalez routinely performed approximately one to two hours a week of additional work per week before and after her normal work schedule. Although Defendant recorded at least some of Plaintiff's pre-shift and post-shift work, Defendant failed to pay Plaintiff for this pre-shift and post-shift work time and failed to pay Plaintiff time and one-half overtime for those work hours in excess of 40 hours per week.

16.    Examples of the Defendant's systemic failure to compensate the Plaintiff for time worked over 40 hours in a workweek either before or after her scheduled shift, or both, are set forth in Exhibit B. For instance, during the pay period from May 15, 2018, through May 28, 2018, Plaintiff worked at least one hour and 56 minutes over 40 hours yet did not receive any overtime compensation for those hours over 40.

17.    In addition, Plaintiff Chinchilla-Gonzalez regularly performed work for Defendant while she was at home, as she would check and respond to emails, check and respond to text messages from her supervisors, and work on unfinished tasks in preparation for her office work the next day or during that workweek. Plaintiff Chinchilla-Gonzalez worked between one and two hours at home most workweeks and was not paid time and one-half overtime for those work hours in excess of 40 hours per week.

## COUNT I

### FAILURE TO PAY OVERTIME FOR ALL HOURS PLAINTIFF WAS SUFFERED OR PERMITTED TO WORK IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)

18.    Plaintiff hereby incorporates by reference paragraphs 1 through 17 in their entirety and restate them herein.

19.     At all times material herein, during those work weeks in which Plaintiff Chinchilla-Gonzalez worked hours in excess of 40 hours a week, she performed work activities without compensation before the start of her working schedule and after, some of which is recorded on Defendant's manual timekeeping systems but yet not paid. Moreover, Plaintiff Chinchilla-Gonzalez performed work without pay at home when specifically assigned to her after her scheduled work hours by her supervisors. Accordingly, as a result of these pay practices, Defendant has failed to provide Plaintiff Chinchilla-Gonzalez with the rights and protections provided under section 7(a) of the FLSA, 29 U.S.C. § 207(a).

20.     Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein.  In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times for each employee's regular rate of pay for all hours employees are suffered or permitted to work in excess of forty hours per week.  Defendant has failed to comply with the overtime pay requirements of the FLSA in the manner outlined herein by failing to compensate Plaintiff Chinchilla-Gonzalez for work that she has been suffered or permitted to work before the official start time of her shifts, after the official end time of her shifts, and at home.

21.     As a result of Defendant's willful and purposeful violations of the FLSA, there have become due and owing to Plaintiff Chinchilla-Gonzalez an amount that has not yet been precisely determined. The employment and work records for Plaintiff Chinchilla-Gonzalez are in the exclusive possession, custody and control of the defendant and Plaintiff Chinchilla-Gonzalez is unable to state at this time the exact amount owing to her through the date of this Complaint. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with

respect to Plaintiff Chinchilla-Gonzalez from which the amount of Defendant's liability can be ascertained.

22.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Chinchilla-Gonzalez is entitled to recover liquidated damages in an amount equal to her back-pay damages for the Defendant's failure to pay overtime compensation.

23.     Plaintiff Chinchilla-Gonzalez is entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Chinchilla-Gonzalez hereby demands that her claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chinchilla-Gonzalez prays that this Court:

(a)  Enter judgment declaring that the Defendant has willfully and wrongfully violated their statutory obligations, and deprived Plaintiff Chinchilla-Gonzalez of her rights;

(b)  Order a complete and accurate accounting of all the compensation to which Plaintiff Chinchilla-Gonzalez is entitled;

(c)  Award Plaintiff Chinchilla-Gonzalez monetary liquidated damages equal to her unpaid compensation;

(d)  Award Plaintiff Chinchilla-Gonzalez interest on her unpaid compensation;

(e)  Award Plaintiff Chinchilla-Gonzalez reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action; and

(f)  Grant such other relief as may be just and proper.

Respectfully submitted,

/s/ T. Reid Coploff
Reid Coploff (VA Bar #78388)
Nicole D. Faut (VA Bar #95373)
Sara Faulman, *Seeking Pro Hac Vice*
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone: (202) 833-8855
ndf@mselaborlaw.com
slf@mselaborlaw.com
Attorneys for Plaintiff